UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL ZACHARY STINSON | CIVIL ACTION NO. 07-1757 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LEONARD A. SCOGGINS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff Daniel Zachary Stinson's ("Stinson") Motion to Remand (Record Document 7) this action to the First Judicial District Court, Caddo Parish, Louisiana. Defendant Leonard A. Scoggins ("Detective Scoggins") opposed the Motion to Remand. See Record Document 11. For the following reasons, the Motion to Remand is **GRANTED**.

**BACKGROUND**

On October 10, 2007, Stinson filed a petition in state court, alleging that on or about October 2, 2006, Detective Scoggins of the Caddo Parish Sheriff's Office "acted to arrest and cause him to be maliciously prosecuted falsely and deprived of his civil rights and liberties." Record Document 1-3, ¶ 3. According to the Petition, Stinson used a false identity and sent an email communication to the wife of a federal law enforcement agent. See id., ¶ 4. The sender of the email communication claimed to be the agent's mistress and insinuated that the agent was having an extra-marital relationship with the sender of the email. See id. Detective Scoggins began an investigation and during the course of this investigation, Stinson was arrested for unlawful possession of a firearm and narcotics. See id., ¶¶ 5-6, 9-11. Stinson further alleged that Detective Scoggins allowed federal agents "to question, harass and threaten to put [him] in prison for years for obstruction of justice."

Id., ¶ 12. The drug and firearm charges were ultimately dismissed in Stinson's favor; yet, Stinson alleges that "the dismissed charges were sought and obtained by [Detective Scoggins] who, in connection with others, caused a malicious prosecution and unlawful detention." Id., ¶ 15.

Detective Scoggins is the only named defendant in the petition. See id., ¶ 2. The petition does not specifically invoke 42 U.S.C. § 1983 or any other federal statute or constitutional provision. Stinson seeks compensatory damages, punitive damages, reasonable attorney's fees, and costs. See id., ¶¶ 17, 18.

## LAW AND ANALYSIS

**I.     Removal and Remand Arguments.**

On October 24, 2007, Detective Scoggins removed the case based on an assertion of federal question jurisdiction. See Record Document 1. Detective Scoggins admitted in the Notice of Removal that Stinson did not specifically reference 42 U.S.C. §§ 1983, 1985, or 1988 in the petition. See id., ¶ 2. Yet, Detective Scoggins contends that Stinson seeks damages under federal and state law because of certain allegations in the petition: that Detective Scoggins arrested, detained, and caused the prosecution of Stinson pursuant to a conspiracy with an unidentified federal law enforcement officer; that the conspiracy with the federal law enforcement officer and the arrest, detention, and prosecution were unlawful; and that Stinson seeks to recover both punitive damages and attorney's fees. See id. Detective Scoggins specifically notes that under the factual allegations set forth in the petition, punitive damages and attorney's fees are not available under state law. See id. However, both remedies are available under the alleged facts pursuant to 42 U.S.C.

¶¶ 1983, 1985, and 1988. See id.

Stinson filed a Motion to Remand on the grounds that his suit alleged malicious prosecution and deprivation of his civil rights due to the malicious prosecution under state law. See Record Document 7-2 at 1. Stinson maintains that "the tort of malicious prosecution is exclusively a state law cause of action"; that he "has not sought nor did he bring a federal civil rights action"; and that "there is no federal question and jurisdiction is lacking." Id. at 1, 2.

Detective Stinson responded to the Motion to Remand, arguing that it must be denied because federal question jurisdiction exists from the face of the well-pleaded complaint. Detective Scoggins argued that "the damages sought by [Stinson] are authorized only by federal law and [Stinson] therefore seeks substantive relief under a specified federal statute [42 U.S.C. § 1983] intended to redress directly the wrong allegedly committed by [Detective Scoggins]." See Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680 (5th Cir. 2001) (Fifth Circuit held that where a plaintiff pleads only state law causes of action in the complaint but without reference to federal law seeks a remedy exclusively available under federal law, then federal question jurisdiction exists and removal is proper). Detective Scoggins noted that Stinson did not attempt to identify a basis for a state law claim for punitive damages in this factual setting and cited Hall v. City of Alexandria, 111 F.Supp. 2d 785 (W.D. La. 2000), for the principle that a plaintiff's request for punitive damages and attorney's fees in a case against a police officer arising from an arrest was relief available only under federal law, not Louisiana law. Detective Scoggins also cited Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc), arguing that the case recognized a federal malicious prosecution cause of action under the Fourth Amendment

(pretrial events) and Fourteenth Amendment (trial events).

## II. The Well-Pleaded Complaint Rule and its Application to the Instant Case.

Pursuant to 28 U.S.C. § 1441(b), a defendant may remove to federal court "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, i.e., those actions presenting a federal question." In re Hot-Hed Inc., 477 F.3d 320, 323 (5th Cir. 2007) (internal quotations and citations omitted). The defendant bears the burden of establishing that a federal question exists. See id. "A federal question exists if there appears on the face of the complaint some substantial, disputed question of federal law." Id. (internal quotations and citations omitted). Removal deprives the state court of an action properly before it, thereby raising significant federalism concerns. See id. Thus, Section 1441(b) must be strictly construed and any doubt as to the appropriateness of removal must be resolved in favor of remand. See id.

Here, Stinson's petition does not reference a specific federal law or constitutional provision. Vague references to deprivation of "civil rights and liberties" and "unlawful detention" are insufficient. Record Document 1-3, ¶¶ 3 & 15. Such rights are also protected by state law, and the lack of specificity as to any particular federal civil right precludes reading the complaint to assert a federal claim for removal purposes. See Avitts v. Amoco Production Co., 53 F.3d 690 (5th Cir. 1995); MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002). Further, federal question jurisdiction is not present merely because a federal law claim, such as 42 U.S.C. § 1983, that was not pleaded by the plaintiff may be available to him. A plaintiff is "master to decide what law he will rely upon," and he may avoid federal jurisdiction by exclusive reliance on state law even though a

federal cause of action may be available. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987); MSOF Corp., 295 F.3d at 490. In support of his Motion to Remand, Stinson unequivocally stated that he was proceeding based on a state law cause of action for malicious prosecution and that he did not bring a federal civil rights action. Detective Scoggins may not remove based on a federal claim that Stinson may possess but chose not to assert in his petition.

There is no dispute that Stinson requested two forms of relief, attorney's fees and punitive damages, that are not available under state law. However, such prayer is not equivalent to pleading a Section 1983 claim without conjecture or pleading a claim that necessarily requires resolution of federal law. It is the cause of action, not the relief requested, that gives rise to a claim based on federal law. In In re Hot-Hed Inc., the Fifth Circuit stated:

> [E]ven if we were to determine that Hot-Hed pleaded relief that is available only under federal law, we would hold that such a boiler-plate request for attorneys' fees "as allowed by law" is insufficient to confer subject-matter jurisdiction on the federal courts. We agree with the Ninth Circuit's holding in Carter v. Health Net of California, Inc. that "[a] request for attorney's fees cannot be a basis for federal jurisdiction." A contrary holding would allow the proverbial tail to wag the dog.

In re Hot-Hed Inc., 477 F.3d at 324. The court also distinguished Medina, noting that the plaintiff's request for back pay and liquidated damages under the ADEA was a prayer for substantive relief under a specified federal statute intended to redress directly the wrong allegedly committed by the defendant. See id. at 325. Yet, the plaintiff in In re Hot-Hed Inc. sought attorneys' fees, collateral relief not intended to remedy injury caused by the alleged offense, but rather an incidental cost of litigation. See id. Simply put, the request for attorneys' fees in In re Hot-Hed Inc. did not raise a "substantial, disputed question"

about an essential element of a federal right, thus invoking federal question jurisdiction. See id.

Stinson relies on Hall in relation to the prayer for punitive damages. However, Hall relied on the "artful pleading" doctrine to support removal and that doctrine is now strictly limited to instances where the plaintiff labels his claims state law claims but they are necessarily federal because of complete preemption, as is the case for most ERISA and Labor Management Relations Act related claims. See Rivet v. Regions Bank of La., 522 U.S. 470, 475-476, 118 S.Ct. 921, 925 (1998); Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188 (2001). In this instance, neither Section 1983 nor any other federal law completely preempts the state law tort claims that arise from Stinson's petition. Thus, the reasoning of Hall is inapplicable to the instant matter.

The allegations in Stinson's petition control here. In that petition, Stinson does not reference a federal statute or a provision from the United States Constitution. While the complaint is vague and does require some divination to determine what it alleges, the Court finds that it is more reasonable to construe it as claiming violations of state law. See Wells v. City of Alexandria, 178 Fed.Appx. 430, 432-433 (2006). Detective Scoggins' argument that Stinson, in requesting attorney's fees and punitive damages, must have asserted a federal law claim "is too large a leap in logic" and the Court declines to take it. See id. at 434. The Court concludes that Stinson asserted only state law claims. Accordingly, the Motion to Remand is **GRANTED**.

## CONCLUSION

Based on the foregoing, the Motion to Remand is **GRANTED**. This case is

**REMANDED** to the First Judicial District Court, Caddo Parish, Louisiana, as this Court lacks subject matter jurisdiction.

An order of remand consistent with the terms of the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of March, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE